**Hamby v. Callahan**

C.P. of Lackawanna County, no. 99 CV 2146.

*Joseph Lenahan* and *Anthony Sallavanti,* for plaintiff.
*David Saba* and *Laura Endler,* for defendants.

BARRASSE, *J.,* September 28, 2001—Before the court is the plaintiff's appeal from the April 12, 2001 order of the special discovery master. Oral arguments were heard on June 25, 2001 and both sides have sub-

mitted briefs for their respective positions. This matter is now ripe for disposition.

## PROCEDURAL BACKGROUND

On March 2, 2001, defendants' counsel requested that the minor plaintiff, Carey Lynn Hamby, submit to an independent medical examination (IME), performed by Dr. Charles Brill, a pediatric neurologist. Plaintiff's counsel notified defendants' counsel on March 15, 2001, that Mr. and Mrs. Hamby would not be interviewed by Dr. Brill.

The dispute over the IME was presented to Special Trial Master Richard Campagna on April 9, 2001. Master Campagna issued an order on April 12, 2001, which stated that "a competent adult fully knowledgeable regarding the minor plaintiff shall accompany her to the IME and answer any relevant questions posed by Dr. Brill or his staff." The plaintiff has filed the instant appeal from Master Campagna's order.

## FACTUAL BACKGROUND

On August 9, 1999, plaintiff commenced this action by filing a complaint alleging negligence in the care and treatment of his minor daughter, Carey Hamby. Plaintiff claims that the defendants' negligence resulted in bodily injury to his minor daughter.

On June 9, 1997, Carey became ill. Plaintiff's wife, Dorothy Hamby, called defendant Pediatric Practices. At that time, Dorothy was informed that there were no physicians available for her to speak to, but the nurse informed her that strep throat was "going around."

On June 11, 1997, Dorothy again called defendant Pediatric Practices and informed them that Carey's condition was getting worse. An appointment was scheduled for later that day. Defendant Callahan examined Carey and diagnosed a viral infection. Callahan prescribed Tylenol for Carey.

On June 12, 1997, Carey's condition worsened. Callahan informed Dorothy that Carey may be suffering from meningitis and advised her to administer rectal suppositories to Carey.

On June 13, 1997, Carey's condition deteriorated further. Carey could not walk or talk. Dorothy called defendant Pediatric Practices, they advised her to wait an hour and call an ambulance. On the same day, Carey was taken to Wayne Memorial Hospital where she was diagnosed with spinal meningitis.

Plaintiff claims that Callahan failed to diagnose Carey's meningitis which led to permanent injuries including brain damage, hearing loss, delay in motor skills, cognitive skills, speech and language, also a distortion in her facial muscles.

## STATEMENT OF THE LAW

### *Standard of Review*

Pursuant to the amendments of the Lackawanna County Local Court Rules, discovery matters shall be initially presented to a special discovery master. Lacka. Cty. R.C.P. §4000.1(a). On April 17, 2000, Attorney Richard Campagna was appointed special discovery master by order of the court.

An order of the special trial master may be appealed de novo upon a motion to the court. Lacka. Cty. R.C.P. §4000.1(b).

*Physical and Mental Examinations of Persons*

This is a matter of first impression for this court. The lack of case law regarding this issue requires this court to render a decision based upon statutory interpretation. At issue is Pa.R.C.P. 4010, physical and mental examinations of persons. Specifically subsection (4)(i), which states:

"The person to be examined shall have the right to have counsel or other representation present during the examination. The examiner's oral interrogation of the person to be examined shall be limited to matters specifically relevant to the scope of the examination." Pa.R.C.P. 4010(a)(4)(i).

We are guided by several other statutes in interpreting the above-stated rule, specifically 1 Pa.C.S. §§1921 and 1922. Under section 1921, also known as the "plain meaning rule," when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. §1921(b). Rule 4010 specifically refers to the "person to be examined." Pa.R.C.P. 4010(a)(3), (a)(4)(i), and (a)(5)(i). The rule does not mention the examination of any other person except that person whose mental or physical condition is in controversy. Pa.R.C.P. 4010(a)(2). Clearly, the plain meaning of the statute allows only for the person whose mental or physical condition is in controversy to be examined.

Our position is bolstered by the legislative amendments to the rule in 1998, which provide additional protections for the person to be examined. Pa.R.C.P. 4010, see explanatory comment. Comment 2 states in part "certain protections for the person being examined . . . include the right to have counsel or another representative present at the examination and a limitation on the examiner's interrogation of the person to be examined. Pa.R.C.P. 4010, see explanatory comment 2. This is additional evidence of the legislature's intent. If the legislature intended to allow interrogation of parents or other non-parties, they would have expressed it in the statute and would not have added extra precautions for the persons to be examined. Nor would the legislature have imposed limitations upon the examiner's oral interrogation of the person to be examined.

The defendants wish to have the minor plaintiff examined by Dr. Charles Brill, a pediatric neurologist, to ascertain the cause and extent of any developmental and/or neurological disability of the minor plaintiff. As part of that examination, the defendants' requested that one or both of the minor's plaintiff's parents attend the IME to answer any questions that Dr. Brill may impose. The defendants obtained an order from the special discovery master requiring a parent or guardian of the minor plaintiff to attend and answer any questions of Dr. Brill. We find nothing in the statute or in the comments following the rule to support such a contention.

The defendants' argument is based upon the impairment level of the minor plaintiff and the examiner's need to render a fair and complete diagnosis. The purpose of

Rule 4010 is to allow defendants the opportunity to conduct their own "independent" examination of a plaintiff and provide their own diagnosis. Thus, the term "independent medical examination." Defendants' physicians are provided with plaintiff's medical records and reports as part of the discovery process. Examiners are also allowed the opportunity to review the depositions taken in a particular matter before rendering an opinion. All of which was done in the case sub judice. This court agrees that an IME should be conducted in this case, but only of the minor plaintiff, not also her parents.

Legislative intent has always been favorable to the public interest over any private interest. 1 Pa.C.S. §1922(5); see also, *Lewis v. Pennsylvania Bar Ass'n,* 549 Pa. 471, 701 A.2d 551 (1997); *Pennsylvania Financial Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84 (1995); *Commonwealth ex rel. Shumaker v. New York & Pennsylvania Co.,* 367 Pa. 40, 79 A.2d 439 (1951); *Spigelmire v. North Braddock School District,* 352 Pa. 504, 43 A.2d 229 (1945). In accordance with both the Pennsylvania Legislature and courts, this court will not permit a private interest to take preference over the public interest.

The defendants will be able to present to the jury the results of Dr. Brill's examination and how he reached those results. They will have the ability to compare Dr. Brill's report to the plaintiff's expert reports and also the opportunity to contradict plaintiff's experts. All of which are appropriate for a courtroom not an examination room.

184

## CONCLUSION

Based upon the reasons set forth above, the plaintiff's appeal of the discovery order of April 12, 2001, of Special Discovery Master Campagna is granted. An order consistent with opinion will follow.

## ORDER

And now September 28, 2001, it is hereby ordered and decreed that the plaintiff's de novo appeal of the special discovery master's order of April 12, 2001 is granted.

It is further ordered and decreed that the parents of the minor plaintiff are not required to attend the independent medical examination.